UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.143.189,<br><br>                              Defendant. | Case No.:  23-cv-0092-H-BGS<br><br>**ORDER DENYING DEFENDANT'S OBJECTION [ECF NO. 8]** |

For the reasons set forth below, the objection filed by Defendant John Doe subscriber assigned Internet Protocol ("IP") address 70.95.143.189 to Plaintiff Strike 3 Holdings, LLC's subpoena to Spectrum, Defendant's Internet Service Provider ("ISP"), seeking Defendant's name and address, is **DENIED**.

I.      BACKGROUND

On January 18, 2023, Plaintiff filed a Complaint against "John Doe," allegedly a subscriber of Spectrum assigned IP address 70.95.143.189 ("Defendant"). (ECF No. 1.) Plaintiff alleges direct copyright infringement against Defendant. Plaintiff asserts that it is the registered copyright holder of certain copyrighted works alleged to have been infringed by Defendant. Plaintiff contends Defendant used the BitTorrent file distribution

network to copy and distribute Plaintiff's copyrighted works through the Internet without Plaintiff's permission. (*Id.*)

To ascertain Defendant's identity, Plaintiff filed an *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 4.) The Honorable Mitchell D. Dembin granted Plaintiff's application on March 7, 2023. (ECF No. 5.)[1] Judge Dembin allowed Plaintiff to serve a subpoena, pursuant to and compliant with Federal Rule of Civil Procedure 45, on the ISP, Spectrum, seeking only the name and address of the subscriber assigned to the subject IP address for the relevant time period. *Id.* The order required Spectrum to notify its subscriber, no later than fourteen calendar days after service of the subpoena, that his or her identity had been subpoenaed by Plaintiff. *Id.* Defendant then had thirty calendar days from the date of the notice to seek a protective order, to move to quash or modify the subpoena, or file any other responsive pleading. *Id.*

Following Plaintiff's service of the subpoena on Spectrum, Defendant filed an objection to the subpoena stating the following:

> I am a Charter Communications, Inc. subscriber.[2] Charter Communications has recently advised me that a subpoena has been issued which includes my IP address (70.95.143.189). I object to the release by Charter Communications to the plaintiff of my personal information (name and address) in the above referenced case.
>
> Thank you for your consideration.
>
> Anonymous Charter Communications subscriber associated with IP address (70.95.143.189)

---

[1] This case was subsequently transferred to the undersigned on May 2, 2023. (ECF No. 10.)

[2] Charter Communications, Inc. "is a leading broadband connectivity company and cable operator serving more than 32 million customers in 41 states through its Spectrum brand." *See* Charter Communications, https://corporate.charter.com/about-charter (last visited June 29, 2023).

(ECF No. 8.) Thereafter, Plaintiff filed an opposition to Defendant's objection. (ECF No. 9.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, any party may serve a subpoena commanding a nonparty to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). A nonparty served with a subpoena may object to the subpoena within fourteen days after service or before the time for compliance if less than fourteen days. Fed. R. Civ. P. 45(d)(2)(B). A party to the action, however, cannot simply object to a subpoena served on a nonparty, but rather must make a motion to quash or seek a protective order. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citations omitted).

Upon a timely motion, the court must quash or modify a subpoena that "fails to allow a reasonable time to comply;" "requires a person to comply beyond the geographical limits specified in Rule 45(c);" "requires disclosures of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The court may, on motion, quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information" or "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). "[T]he party who moves to quash a subpoena has the burden of persuasion." *Strike 3 Holdings, LLC v. Doe*, No. 19cv2452-JAH(LL), 2020 WL 2467067, at *2 (S.D. Cal. May 13, 2020) (citing *Moon*, 232 F.R.D. at 637).

## III. DISCUSSION

Defendant, a party to this action, cannot object to a subpoena served on a nonparty, but rather must make a motion to quash or seek a protective order. *Moon*, 232 F.R.D. at

636. Therefore, Defendant's objection is procedurally improper and is accordingly **DENIED** on this basis.

      Moreover, even if the Court construes Defendant's objection as a motion to quash, Defendant does not raise any legitimate grounds for quashing the subpoena under Rule 45(d)(3). Indeed, Defendant does not specify any reasons for his objection. (*See* ECF No. 8.) Assuming that Defendant is concerned about the right to privacy, courts have found the interest of copyright holders to seek limited discovery from an ISP to establish a potential infringer's identity outweighs privacy interests. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648 (VEC), 2019 WL 78987, at *4 (S.D.N.Y. Jan. 2, 2019) ("Defendant's privacy interest in withholding his identity from Plaintiff is not sufficient to 'permit him to avoid having to defend against a claim of copyright infringement.'") (citation omitted). Therefore, to the extent that Defendant seeks to quash Plaintiff's subpoena to Spectrum due to privacy concerns, the Court finds that Plaintiff's interest in seeking limited discovery to obtain Defendant's identity outweighs Defendant's privacy interest. Because Defendant has failed to meet his or her burden of persuasion to demonstrate that the subpoena should be quashed under Rule 45, Defendant's objection, even if construed as a motion to quash, is **DENIED**.

      Finally, in its opposition to Defendant's objection, Plaintiff requests that the Court enter a protective order to allow Defendant to proceed "pseudonymously as 'John Doe' throughout this litigation, unless and until the court orders otherwise." (ECF No. 9 at 3.) Pursuant to Rule 26(c), the Court may sua sponte issue a protective order for good cause to spare parties "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); *Strike 3 Holdings, LLC v. Doe*, Case No. 8:22-cv-01356-TJH-SP, 2023 WL 2629023, at *2 (C.D. Cal. Feb. 9, 2023). Here, the Court finds that a protective order allowing Defendant to proceed pseudonymously until otherwise ordered by the Court fairly balances the plaintiff's and the defendant's interests. Such a protective order

addresses any privacy concerns that Defendant may have while Plaintiff has an opportunity to further investigate whether Defendant is the infringer.

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, Defendant's objection to the subpoena issued by Plaintiff seeking Defendant's name and address from Spectrum is **DENIED**. The Court, however, permits Defendant to proceed pseudonymously as "John Doe" in this litigation. Plaintiff is prohibited from publicly filing documents with Defendant's true name, or otherwise publicly disclosing Defendant's true name or other identifying information, other than Defendant's IP address, until and unless the Court otherwise orders.

Plaintiff is directed to serve a copy of this order on Spectrum.

**IT IS SO ORDERED**.

Dated:  June 29, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge